REQUESTED BY: Forrest D. Chapman, Executive Director Nebraska Liquor Control Commission
You have asked two questions: First, if one of the protected entities listed in Neb. Rev. Stat. § 53-177 (1993) were to move within the prohibited statutory radius of an existing retail liquor licensee, would the licensee be required to move its premises? Second, could a licensee, lawfully operating within such a radius, move its premises to another location, also within the statutory radius? Our answer to both of your questions is: "No."
Neb. Rev. Stat. § 53-177 (1993) provides:
 No license shall be issued for the sale at retail of any alcoholic liquor within one hundred and fifty feet of any church, school, hospital, or home for aged or indigent persons or for veterans, their wives or children; Provided, that this prohibition shall not apply (1) to any location within such distance of one hundred and fifty feet for which a license to sell alcoholic liquors at retail has been granted by the Nebraska Liquor Control Commission for two years continuously prior to making of application for license, and (2) to hotels offering restaurant service, regularly organized clubs or to restaurants, food shops or other places where sale of alcoholic liquors is not the principal business carried on, if such place of business so exempted shall have been established for such purposes prior to May 4, 1935. No alcoholic liquor, other than beer, shall be sold for consumption on the premises within three hundred feet from the campus of any college or university in the state.
If a church, school, hospital or home for aged or indigent persons or for veterans, their wives or children, were to move within 150 feet of the premises of a retail liquor licensee, the licensee would not be required to relocate. Neither would the licensee be prohibited from renewing the license. Anew license, however, could not be issued for those premises unless a retail liquor license for the premises had been granted continuously for two years prior to the submission of the application for the new license.
If a college or university campus, however, were to move within 300 feet of the premises of a retail liquor licensee, § 53-177 appears to prohibit the licensee from selling any alcoholic liquor, other than beer, for consumption on the premises. The "grandfather" provisions of § 53-177 which apply to retail licensees located near churches, schools, hospitals, or homes for aged or indigent persons or for veterans, their wives or children, do not appear to apply to the sale of liquor within 300 feet of campuses.
The question then becomes whether the last sentence of §53-177 can be construed in a manner that would be constitutional.
Liquor licenses are property interests which are entitled to protection under the Fifth and Fourteenth Amendments to the United States Constitution and Article I § 3 of the Nebraska Constitution. Bosselman, Inc., v. State,230 Neb. 471 (1988). If the last sentence of § 53-177 were interpreted to cause established on-sale retail licensees to forfeit the right to sell alcoholic liquor, other than beer, for consumption on the premises when a campus moved within 300 feet of the premises, that application of § 53-177 could cause a deprivation of the licensee's property interest without due process of law. The Nebraska Supreme Court's decision inPump Pantry v. City of Grand Island, 233 Neb. 191
(1989), provides guidance. In Pump Pantry, the Supreme Court found that an existing licensee had a right to renew its liquor license if (1) the licensee continued to meet the qualification requirements ofNeb. Rev. Stat. § 53-125; (2) the premises were the same as those designated on the initial license, and (3) the premises were still suitable for the sale of alcohol in accordance with the requirements which existed at the time of the initially-issued license. The Court found that licensees were not on the same "footing" as initial applicants, but had statutory and constitutionally protected interests.Id. at 197-98.
The issue, then, is whether the movement or expansion of a campus, encroaching within 300 feet of the premises of an existing retail liquor licensee, causes the premises to be "unsuitable" for the sale of alcohol (other than beer) in accordance with the requirements which existed at the time of the initially-issued license.
 When considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent and sensible.
In re Application U-2, 226 Neb. 594, 610-11 (1987).
 [W]here a statute is susceptible of two constructions, under one of which the statute is valid while under the other of which the statute would be unconstitutional or of doubtful validity, that construction which results in validity is to be adopted.
State v. Burke, 225 Neb. 625, 633 (1987).
Construing the provisions of § 53-177 as a whole and attempting to determine the intent of the Legislature and to interpret the provisions of the section in a manner that is consistent, sensible, and constitutional, we conclude that the premises of an existing retail licensee may be suitable for the sale of alcoholic beverages (not limited to beer) in accordance with the requirements which existed at the time of the initially-issued license, despite the fact that a campus may have encroached within a 300-foot radius of the premises after the license was issued.
With respect to your second question, Neb. Rev. Stat. §53-129 (1993) provides:
 Retail and bottle club licenses issued under the Nebraska Liquor Control Act shall apply only to that part of the premises described in the application and in the license issued thereon, and only one location shall be so described in each license. After such license has been granted for particular premises, the local governing body may endorse upon the license permission to add to, delete from, or abandon the premises described in such license and if applicable remove from the premises to other premises approved by it, but in order to obtain such approval the retail or bottle club licensee shall file with the local governing body a request in writing and a statement under oath which shall show that the premises as added to or deleted from, or to which removal is to be made, comply in all respects with the requirements of the act. No such addition, deletion, or removal shall be made by any such licensee until his or her license has been endorsed to that effect in writing by the local governing body. [Emphasis added].
In order for the licensee to submit a statement under oath showing that the premises to which the move will be made comply in all respects with the requirements of the Act, the licensee would need to be relocating to premises which comply with the provisions of § 53-177. In other words, a licensee who was lawfully operating within 150 feet of a church, school, hospital, etc., could not move to new premises within the 150-foot radius, unless those premises were also "grandfathered" under the provisions of § 53-177(1). Similarly, a retail licensee with an on-sale license operating lawfully within 300 feet of a campus or college university, under the interpretation we have provided in this opinion, could not relocate within the 300-foot radius.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General